# In the United States Court of Federal Claims

No. 17-67 L

Filed: February 28, 2023

|  |  |
|---|---|
| UNITED AFFILIATES CORPORATION and MINGO LOGAN COAL LLC, | ) ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) ) |

*Kevin P. Holewinski*, Jones Day, Washington, D.C., for Plaintiff United Affiliates Corporation. *Daniella Einik* and *Jon G. Heintz*, of counsel.

*Robert M. Rolfe*, Hunton & Williams LLP, Richmond, VA, for Plaintiff Mingo Logan Coal LLC. George P. Sibley, III, of counsel.

*Joshua P. Wilson*, U.S. Department of Justice, Environment and Natural Resources Division, Natural Resources Section, Washington, D.C., with whom were *Todd Kim*, Assistant Attorney General, *Erika Norman* and *Hanna O'Keefe*, of counsel, for the Defendant.

**OPINION AND ORDER**

Pending before the Court is the latest in a series of motions to compel the production of documents that the Government is withholding under the deliberative process privilege. In the last round of briefing, Plaintiffs argued that the Government could not, as a matter of law, assert the deliberative process privilege in this case. The Court denied Plaintiffs' motion, explained that the Court must analyze the privilege issue on a "document-by-document" basis, and allowed the Plaintiffs the opportunity to move to compel the production of "specific documents." Despite the Court's order, the Plaintiffs have come back and seek the release of entire categories of documents without addressing specific documents. Instead, the Plaintiffs rely exclusively on the Government's declarations asserting the privilege, but ignore the privilege logs, which appear to provide information Plaintiffs claim is missing from the declarations. The Court is left unable to conduct the required document-by-document analysis—there are no arguments about or descriptions of specific documents. And because neither party has put the privilege logs before the Court (other than for the one document Plaintiffs identify by Bates number), the Court cannot even state what the documents are that Plaintiffs claim the Court should compel the Government to produce. The Court will not speculate about the specific documents or their contents and, therefore, must deny the Plaintiffs' motion that fails to comply with this Court's prior instruction.

That said, and despite the fact that the Court previously stated that there would be no further argument regarding these privilege issues, the Court's denial of Plaintiffs' motion to compel is without prejudice to Plaintiffs moving to compel the production of specific documents based on the Government's declarations and privilege logs, explaining why they have a strong need for each document.

## I.   Background[1]

Plaintiff United Affiliates owns the land and mineral rights associated with the Spruce No. 1 mine in West Virginia. *United Affiliates Corp. v. United States*, 147 Fed. Cl. 412, 415-16 (2020). Mingo Logan entered a lease with United Affiliates to operate a coal mine known as the Spruce No. 1 mine. *Id*. Following an approximately ten-year application process, which included an extensive environmental impact study, the Government, acting through the U.S. Army Corps of Engineers, granted Mingo Logan a permit in 2007 pursuant to § 404 of the Clean Water Act that allowed it to discharge fill material from the Spruce No. 1 mine into nearby streams. *Id*. Section 404(c) of the Clean Water Act, however, grants the Environmental Protection Agency ("EPA") authority to withdraw the issuance of a permit. 33 U.S.C. § 1344(c). And in 2011, the EPA exercised its authority and withdrew the permit insofar as it allowed the discharge of fill material into the Pigeonroost and Oldhouse Branch streams. *Id.* This lawsuit followed.

Almost since discovery began, the parties have engaged in extensive motions practice, a fair amount of which has been piecemeal and repetitive. As an example, the Plaintiffs filed a motion to compel that challenged numerous privilege claims by the Government. ECF Nos. 69-70. In that motion to compel, the Plaintiffs challenged the Government's privilege assertions but provided only "representative examples of th[e] deficienc[ies]" that they challenged. *E.g.*, ECF No. 70 at 19. At the time of the motion, the Government was already scheduled to issue revised privilege logs the following week, which it did. *United Affiliates Corp. v. United States*, 154 Fed. Cl. 335, 340 (2021). Given that the revised privilege logs addressed the representative examples of Plaintiffs' alleged deficiencies, the Plaintiffs filed a supplemental memorandum in support of their motion, which made the same arguments but provided new exemplars of the alleged deficiencies. *Id*. By oral argument, the Government had already addressed these exemplars as well. As the Court found, this "Whac-a-Mole discovery" was inefficient and would not continue. *Id.* at 341. Thus, the Court recognized that the Plaintiffs would "soon file a third motion to compel," but that "there will *not* be a fourth." *Id*. at 340 (emphasis in original).

This next round of briefing was to address procedural issues with the Government's assertion of the deliberative process privilege that this Court found with the initial declarations provided by the Government. The Government has since provided new declarations, ECF Nos. 121-3 & 121-4, and this round of briefing challenging the Government's assertion of the deliberative process privilege followed.

## II.   Discussion

---

[1] Because the facts of this case have been set forth in several prior opinions, the background here is only that relevant to the resolution of this motion.

The deliberative process privilege is an executive privilege that "protect[s] agencies from being 'forced to operate in a fishbowl.'" *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021) (quoting *EPA v. Mink*, 410 U.S. 73, 87 (1973)). "The privilege is rooted in 'the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news.'" *Id.* (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001)); *see also Kaiser Aluminum & Chem. Corp. v. United States*, 141 Ct. Cl. 38, 49 (1958). The deliberative process privilege shields "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Sierra Club*, 141 S. Ct. at 785 (internal quotation marks omitted) (quoting *N.L.R.B. v. Sears*, 421 U.S. 132, 150 (1975)). In other words, the privilege "protects from disclosure documents generated during an agency's deliberations about a policy, as opposed to documents that embody or explain a policy that the agency adopts." *Id.* at 783. But documents containing investigative information or facts without revealing the Government's decision-making processes are discoverable and not protected under the deliberative process privilege. *Confidential Informant 59-05071 v. United States*, 108 Fed. Cl. 121, 131 (2012) (collecting cases). "Like all evidentiary privileges that derogate a court's inherent power to compel the production of relevant evidence, the deliberative process privilege is narrowly construed." *Pac. Gas & Elec. Co. v. United States* ("*Pac. Gas I*"), 70 Fed. Cl. 128, 133, *modified on reconsideration*, 71 Fed. Cl. 205 (2006) (quoting *Greenpeace v. Nat'l Marine Fisheries Serv.*, 198 F.R.D. 540, 543 (W.D. Wash. 2000)).

The Plaintiffs' prior motion to compel the production of all documents the Government withheld under the deliberative process privilege argued that the Government could not assert the privilege in a regulatory takings case. The Court rejected that argument because the Federal Circuit has made clear that the Government may, in fact, assert the privilege in a regulatory takings case. *United Affiliates*, 154 Fed. Cl. at 342-43. More importantly, the Court made clear to the parties that any challenge to the Government's withholding of documents on privilege grounds would need to challenge "*specific documents*" because the Federal Circuit requires this Court to perform a document-by-document analysis when assessing the privilege claim. *Id.* at 343 (emphasis in original). This Court relied upon the clear pronouncement of the Circuit that:

> In deciding whether to compel discovery in the face of asserted executive privileges, the trial court is tasked with addressing, on a document-by-document basis, (1) whether the government has established that the invoked privilege applies; (2) how extensive the harm to the deliberative process would be if the documents were disclosed; and (3) whether the benefits of disclosure will, on balance, outweigh the harms.

*In re United States*, 678 F. App'x 981, 987 (Fed. Cir. 2017) (footnote omitted).

The Circuit also explains "that a party seeking information 'must make a strong showing of need' to breach executive privilege and that the information sought must be central to the case." *Id.* at 989 (quoting *Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1580 (Fed. Cir. 1985)). During oral argument, Plaintiffs countered that the "strong showing of need" language from *In re United States* comes from a section discussing executive privilege generally and not specifically the deliberative process privilege. ECF No. 132 at 152:22-153:8. While it is true

3

that *In re United States* uses "executive privileges" to refer to several privileges collectively, 678 Fed. App'x at 987 & n.1, the "strong showing of need" requirement comes from a section dealing *solely* with the deliberative process privilege, *id*. at 989 (discussion section C.1 addresses the "Deliberative Process Privilege"). Therefore, the Court will apply the *In re United States* criteria to the Plaintiffs' claims in this case. And to assess whether Plaintiffs have made a strong showing of need, the Court weighs the factors identified in *Dairyland Power Co-op v. United States*, 77 Fed. Cl. 330, 341-42 (2007).

The Plaintiffs' motion does not allow the Court to perform a document-by-document analysis because the Plaintiffs do not make document-specific arguments. In fact, the Court does not even know the specifics about the disputed documents, only descriptions of groups of documents from the Government's declarations. Plaintiffs explain that because they do not have the privileged documents themselves, they cannot argue the relevance of individual documents and their motion "focuses on the representative subcategories of documents that the United States has identified and described in its declarations, and the interests of justice require that the Court resolve any close calls in the Plaintiffs' favor." ECF No. 121 at 9-10 (citing *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 146 (D.C. Cir. 2006) (additional citation omitted)). The problem with Plaintiffs' argument is that it lacks any limiting principal—it is true in *every* deliberative process case (indeed in every privilege dispute) that the moving party has less information about the disputed documents than the withholding party. That alone cannot justify foregoing the document-by-document analysis based on arguments about each document.

Not even *Judicial Watch*, upon which Plaintiffs rely, supports such a position. Rather than require plaintiffs to challenge the Government's privilege assertions generally and with no information, *Judicial Watch* recognizes that the *Vaughn* index[2] both requires the Government to carefully analyze the documents that it withholds and "enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court." *Judicial Watch*, 449 F.3d at 146 (quoting *Keys v. United States Dep't of Justice*, 830 F.2d 337, 349 (D.C. Cir. 1987)). Here, the privilege log serves the same function as the *Vaughn* index in the FOIA dispute in *Judicial Watch*. Therefore, the Court cannot agree that Plaintiffs should be excused from making document-specific arguments based solely on the Government's declarations because they do not have as much information about the withheld documents as the Government has. This is especially so in this case because the Plaintiffs have neither challenged (indeed, they have not even mentioned) nor put before the Court the Government's privilege logs.

The Plaintiffs' singular focus on the Government's privilege declarations to the exclusion of other information only demonstrates the problem. For example, Plaintiffs fault the government declarations because, although they assert privilege over certain internal communications, "they never explain which staff members [participated in the communications], what kind of drafts [they shared], what kind of input [they provided], what kind of policy decisions [were at issue], or the nature of the supposed chilling effect." ECF No. 121 at 32. But

---

[2] In litigation under the Freedom of Information Act, when the government withholds documents from disclosure it lists them on a *Vaughn* index, which provides descriptive information about each document like the privilege log in this case.

4

the Government provided answers to these issues in its privilege logs. As the Government explains, the answers to these questions are set forth in the privilege logs and the Plaintiffs' ignoring of those logs does not vitiate the assertion of the privilege. *See* ECF No. 127 at 37. To make its point, the Government provided an exemplar of a document, US_SPRUCE0859501, that is one of the documents in subcategory 3.7 that the Government is withholding on deliberative process grounds. *Id*. To answer the Plaintiffs' question of which staff members participated in the communications, the privilege log identifies each of the senders, recipients, and people copied on the series of emails. *Id*.; *see also* ECF No. 127-12.[3] Similarly, the privilege log provides a description of the subject matter of the communications and the policy the government officials were discussing, as well as the dates of the communications. ECF No. 127-12.

The Court cannot rely solely on the Government's declarations asserting the privilege because the Government also provided privilege logs with descriptions of each individual document the Government withheld on privilege grounds. And "[a]gencies seeking to invoke the deliberative process privilege commonly do so through a combination of privilege logs that identify specific documents, and declarations from agency officials explaining what the documents are and how they relate to the decisions." *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 309 (D.D.C. 2009) (citations omitted); *cf. Pub. Emps. for Env't Resp. v. United States Environmental Protection Agency*, No. 18-CV-2219 (BAH), 2021 WL 2515007, at *6 (D.D.C. June 18, 2021) ("An agency may prove the applicability of claimed [FOIA] exceptions through a *Vaughn* index or supporting affidavits or declarations, or both . . . ."). The fact that one must cross-reference the privilege log and the declaration does not render the Government's assertion of the privilege improper.

Plaintiffs also argue that the Government's privilege declarations fail because they "do not identify any specific harm and set forth only vague, conclusory assertions that do little more than parrot the applicable legal standard." ECF No. 121 at 28. The Government disagrees because, according to it, the declarations provide the information the law requires and asserting the same foreseeable harm to different categories of documents is permissible. ECF No. 127 at 25-26. There is simply no reason that the Government may not assert similar, or in some cases the same, articulations of harm for different categories of documents. As a district court recently concluded, the argument that "after using one reason for a particular category, [the government] would be barred from using similar reasoning elsewhere" is "untenable." *Leopold v. United States Dep't of Just.*, No. 19-2796 (JEB), 2021 WL 3128866, at *4 (D.D.C. July 23, 2021); *see also Judicial Watch, Inc. v. United States Dep't of Com.*, No. 17-cv-1283 (EGS), 2020 WL 6939807, at *5-6 (D.D.C. Nov. 25, 2020) (allowing one articulation of harm for multiple categories of documents); *Leopold v. United States Dep't of Just.*, 411 F. Supp. 3d 1094, 1105-06 (C.D. Cal. 2019) (upholding same articulation of harm for two categories of documents).

---

[3] The excerpt from the privilege log for this one document is the only excerpt from the privilege logs either party put before the Court.

The Plaintiffs further contend that because the Government is withholding approximately 8,000 documents as Category 1[4] documents, it must provide a more detailed justification of the privilege. It is not clear why this is so. Several of these subcategories are drafts of documents, which reasonably could share the same foreseeable harm. It also may well be, as the Government contends, that there is no "articulable" difference in the potential harm from releasing drafts of the proposed, recommended, and final determinations regarding the Section 404 action. ECF No. 127 at 27. Again, without having the added detail about the withheld documents in the privilege logs to review, the Court cannot conclude that the Government has failed to carry its burden that the privilege should apply simply because there are a lot of draft documents over which it asserted privilege.

Plaintiffs also argue that any potential harm from the disclosure in this case could be mitigated through a protective order. ECF No. 121 at 38. The Court cannot agree because if all that were needed to overcome the deliberative process privilege were a protective order, the Circuit would not require the fact-specific, document-by-document analysis. And the privilege is one that allows the Government to withhold documents from production, not simply one that prohibits publication.

Finally, during oral argument, Plaintiffs indicated that they have tried everything to get these documents, including a FOIA request, and that all their attempts have been unsuccessful. ECF No. 132 at 95:9-96:5. It is not clear what the Court is supposed to make of this. If these documents are privileged, the Court would assume that the Government asserted privilege in response to a FOIA request. There is nothing nefarious about the Government asserting privilege here as well. One would expect it. To the extent Plaintiffs are unsatisfied with the FOIA responses they got, their remedy lies in the appropriate district court.

Because the Court cannot address the privilege issues in the manner precedent requires, the Court must deny the Plaintiffs' motion to compel. This, of course, begs the question of whether Plaintiffs should be allowed yet another chance to challenge the Government's assertion of the deliberative process privilege. In the Court's last opinion and in oral argument on the present motion, the Court stated emphatically that the present motion would be the last time the Court would hear Plaintiffs raise a challenge to the Government's existing privilege claims. *United Affiliates Corp.*, 154 Fed. Cl. at 340 ("But three things are clear. First, the Government has been and remains willing to resolve Plaintiffs' objections to its log entries. Second, there is a strong likelihood that Plaintiffs will soon file a third motion to compel. Finally, there will *not* be a fourth."); ECF No. 132 at 159:7-160:5 ("[U]nless there's something really egregious that Mr. Holewinski can point me to, we're not doing privilege again."). Given that the Court has been

---

[4] In the prior round of briefing on privilege issues, the Court agreed that the Government could group like documents together and the declarations could apply to the categories or subcategories of documents collectively, so long as the categories were sufficiently narrow to limit them to truly like documents. *United Affiliates Corp.*, 154 Fed. Cl. at 347. Category 1, which includes multiple sub- and sub-sub- categories, includes documents that are internal correspondence and drafts of agency documents. The Government does not attempt to assert the privilege over Category 1 writ-large; rather, it asserts the privilege as to the sub-subcategories that are relatively narrow-tailored groups of like documents.

unable to evaluate Plaintiffs' challenges to the Government's assertion of privilege on the document-by-document basis that precedent requires, the Court concludes that the proper resolution here, despite its prior admonitions, is to deny Plaintiffs' motion without prejudice to their filing a motion to compel *specific documents* that explains why each challenged document should be disclosed under the test set forth in *In re United States*, 678 Fed. App'x at 987-88.[5] That said, the Court will not hear challenges to other privilege assertions (*i.e.*, other than deliberative process privilege) that could have been raised in the present motion but were not.

For the reasons stated above, the Court denies the Plaintiffs' motion to compel, ECF No. 120.

**IT IS SO ORDERED.**

s/Edward H. Meyers
Edward H. Meyers
Judge

---

[5] To the extent that Plaintiffs seek to compel disclosure of specific documents, they should be aware that it will not be enough to rely solely upon Judge Wheeler's Order granting discovery beyond the administrative record from the D.C. Circuit litigation. While Judge Wheeler found that certain documents would be relevant, he did not find this relevance sufficient to overcome the deliberative process privilege. In fact, Judge Wheeler recognized that it was premature to address privilege at that time and explicitly declined to do so. ECF No. 65 at 7.